UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| | ) | |
| PEGGY L. DUNBAR, | ) | CASE NO. 10 B 05112 |
| | ) | |
| | ) | |
| DEBTOR. | ) | JUDGE EUGENE R. WEDOFF |

## NOTICE OF MOTION

To:  See Attached Service List

    PLEASE TAKE NOTICE that on **Wednesday, March 17, 2010, at 9:30 a.m.**, I shall appear before the Honorable Eugene R. Wedoff, Bankruptcy Judge, in Courtroom 744, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in his place and shall present the **UNITED STATES TRUSTEE'S MOTION TO IMPOSE SANCTIONS UNDER FED. R. BANKR. P. 9011,** a copy of which is attached and served on you.

                                                     /s/ Cameron M. Gulden
                                                   Cameron M. Gulden, Attorney
                                                   OFFICE OF THE U.S. TRUSTEE
                                                   219 South Dearborn Street, Room 873
                                                   Chicago, Illinois 60604
                                                   (312) 886-2614

## CERTIFICATE OF SERVICE

    I, Cameron M. Gulden, an attorney, state that pursuant to Local Rule 9013-3(D) the above **Notice of Motion** and the appended **Motion of the United States Trustee to Impose Sanctions Under Fed. R. Bankr. P. 9011** were filed on March 9, 2010, and served on all parties identified as Registrants on the service list below through the Court's Electronic Notice for Registrants and, as to all other parties on the service list below, I caused a copy to be sent via First Class Mail to the address(es) indicated on March 9, 2010.

                                                     /s/ Cameron M. Gulden

## **SERVICE LIST**
**Peggy L. Dunbar**
**10 B 05112**

**Registrants Served Through the Court's Electronic Notice for Registrants**
Troy L. Gleason
troy@chicagobk.com

Jessie Augustyn
jessie@chicagobk.com

Ronald Peterson
RPeterson@Jenner.com

**Parties Served via First Class Mail**
Peggy L. Dunbar
277 Mallard Dr.
Sauk Village, IL 60411-6788

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| | ) | |
| PEGGY L. DUNBAR, | ) | CASE NO. 10 B 05112 |
| | ) | |
| | ) | |
| DEBTOR. | ) | JUDGE EUGENE R. WEDOFF |

**UNITED STATES TRUSTEE'S MOTION TO IMPOSE**
**SANCTIONS UNDER FED. R. BANKR. P. 9011**

NOW COMES WILLIAM T. NEARY, the United States Trustee for the Northern District of Illinois, by his attorney, Cameron M. Gulden, and under Fed. R. Bankr. P. 9011 moves this Court to impose sanctions upon attorney Troy L. Gleason. In support thereof, the United States Trustee states as follows:

1. This is a core proceeding concerning the administration of the estate under 28 U.S.C.§ 157(b)(2)(A) which this Court may hear and determine under IOP15(A) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. On February 10, 2010, the Debtor, Peggy L. Dunbar, commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code. According to her petition, Dunbar is represented by Troy L. Gleason, and according to the case docket the case was electronically filed by Gleason.

3. The 2005 Bankruptcy Abuse Prevention and Consumer Protection Act requires individuals contemplating bankruptcy to receive a consumer credit briefing before their petition is filed. 11 U.S.C. § 109(h). Credit counseling agencies are reviewed and approved by the United States Trustee. 11 U.S.C. § 111(b) and (c).

## FACTUAL BACKGROUND

4. According to Exhibit D to Dunbar's Petition, within 180 days before filing her bankruptcy case she received a briefing from a credit counseling agency and a certificate describing the services provided. Exhibit A.

5. A certificate of credit counseling was filed for Dunbar by Gleason on February 17, 2010. According to that certificate, Dunbar received her credit counseling from Black Hills Children's Ranch, Inc., at 12:05 p.m. on September 26, 2009, within the 180 days preceding the filing of Dunbar's case. Each certificate bears a unique number, and the certificate filed by Gleason for Dunbar lists Certificate Number 00437-ILN-CC-007498440. The certificate is signed electronically by credit counselor Christina Collier. Exhibit B.

6. However, according to documentation the United States Trustee received from Black Hills Children's Ranch, Inc., Certificate Number 00437-ILN-CC-007498440 was actually issued to Marvin Alexander on June 26, 2009. The certificate issued to Alexander states he received his credit counseling at 12:05 p.m., and that certificate is signed electronically by credit counselor Christiana Collier. Exhibit C. Alexander, represented by Gleason, filed Chapter 7 Case. No. 09-30360 on August 19, 2009.

7. According to Black Hills Children's Ranch, Inc., Dunbar received credit counseling, but did so at 9:17 a.m. on June 15, 2009, and was issued Certificate Number 00437-ILN-CC-007367764, signed electronically by credit counselor Juliana Tomek. Exhibit D (reflecting that Dunbar received credit counseling 240 days before her case was filed). Accordingly, Dunbar was not eligible to be a debtor under 11 U.S.C. § 109(h)(1) because she did not receive her credit counseling in the 180 days preceding the filing of her case.

## FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011

8. Fed. R. Bankr. P. 9011[1] provides in pertinent part:

(b) Representations to the court

By presenting to the court (whether by signing, filing, submitting or later advocating) a petition, pleading, written motion, or other paper, any attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

9. The filing of improper credit counseling certificates is appropriately addressed under Rule 9011. *See In re Burton*, 2009 WL 2912901 (Bankr. W.D. N.C.) (sanctioning attorney for, among other things, filing credit counseling certificates for debtors who did not receive the credit counseling).

10. In this case, Gleason appears to have violated Rule 9011(b)(2) and (3). The legal contention that Dunbar satisfied § 109(h), and was thus eligible to be a Chapter 7 debtor under the Bankruptcy Code, was unwarranted and is a violation of Rule 9011(b)(2). The factual allegation in a filed petition that Dunbar received her credit counseling at 12:05 p.m. on September 26, 2009, and was issued Certificate Number 00437-ILN-CC-007498440, has no evidentiary support and is a

---

[1] While a motion for sanctions under Rule 9011 may generally not be filed until the party is given 21 days to withdraw or correct the challenged paper, this provision does not apply to the filing of a petition. *See* Fed. R. Bankr. P. 9011(c)(1)(A); *In re McNichols*, 258 B.R. 892, 902 (Bankr. N.D. Ill. 2001). Exhibit D to the petition, which was prepared and filed by Gleason for Dunbar electronically, is part of the petition itself, *see* Fed. R. Bankr. P. Official Bankruptcy Form 1, so the 21-day provision does not apply here.

violation of Rule 9011(b)(3). Thus, the imposition of sanctions against Gleason under Rule 9011 is appropriate.

      11.     Moreover, in considering the type of sanctions to be imposed against Gleason, it is important to note that the aforementioned conduct is not limited to Dunbar's case. Rather, Gleason's pattern of conduct appears wide-ranging and impacts at least 15 other cases filed in this district. Those cases include: Pero, 09-36855; Caldwell, 09-42227; Gallegos, 09-44386; Holmes, 09-47746; Eubanks, 09-48847;[2] Hamilton, 10-00317; Strong, 10-03341; Gaffney, 10-03342; Macon, 10-05945; McChrison, 10-06106; Streeter, 10-06107; Johnsen, 10-06108;[3] Moore, 10-06314; Wright, 10-06315, and Orozco, 10-07170. Group Exhibit E.[4] These examples should be considered by the Court in determining what type of sanction is appropriate to deter Gleason from further violations of Rule 9011 in this district. *See, e.g., Smyth v. City of Oakland (In re Brooks-Hamilton)*, 271 Fed. Appx. 654, 661 (9th Cir. 2008) (bankruptcy court did not abuse its discretion by considering past misconduct in determining appropriate sanction to impose under Rule 9011); *see also* Advisory Committee Notes to Fed. R. Civ. P. 11 Subdiv. (b) and (c) (explaining that whether the improper conduct "was part of a pattern of activity, or an isolated event . . . [and] whether the person has engaged in similar conduct in other litigation . . . may in a particular case be proper considerations"

---

[2] The first certificate filed by Gleason for this debtor had no name listed, and a second certificate was filed shortly thereafter with the debtor's name included on the form.

[3] On March 5, 2010, Gleason filed a certificate of credit counseling for Mr. Johnsen dated July 6, 2009, which is the same date on the certificate received from the credit counseling agency for Mrs. Johnsen, though her filed certificate is dated October 6, 2009.

[4] Although Dunbar and the debtors in each of the 15 referenced cases appear to have been ineligible for bankruptcy relief under § 109(h), the United States Trustee is not pursuing the dismissal of those cases.

for what type of sanction should be imposed).[5]

WHEREFORE, the United States Trustee requests the Court sanction Troy L. Gleason, Esq. for violating Rule 9011(b)(2) and (3) and grant such other relief as is just.

                              RESPECTFULLY SUBMITTED,

                              WILLIAM T. NEARY
                              UNITED STATES TRUSTEE

Dated: March 9, 2010          /s/ Cameron M. Gulden
                              Cameron M. Gulden, Attorney
                              OFFICE OF THE U.S. TRUSTEE
                              219 South Dearborn Street, Room 873
                              Chicago, Illinois 60604
                              (312) 886-2614

---

[5] At least one decision in this district has held that "Rule 11 precedents may be applied to make decisions under Rule 9011." *In re Collins*, 250 B.R. 645, 659 (Bankr. N.D. Ill. 2000); *see also In re Letourneau*, 422 B.R. 132, 137 fn.2 (Bankr. N.D. Ill. 2010) (noting that such case law is "helpful in the interpretation of Rule 9011" and subsequently citing *Collins*).